**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANTONIO TORRES-SIMON,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-70524<br><br>Agency No. A096-194-965<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022[**]
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and RAKOFF,[***] District Judge.

Petitioner Antonio Torres-Simon seeks review of a Board of Immigration

Appeals (BIA) decision denying him asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

protection under the Convention Against Torture (CAT). Petitioner alleges that he has a well-founded fear of persecution from the Los Tequileros or Los Zetas cartels because of his familial relationship to his physician brother or because of his political opinion. The Immigration Judge (IJ) and BIA denied the petition, citing a lack of nexus for the asylum and withholding claims and failure to qualify under CAT. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

Where the BIA agrees with the IJ's decision and supplements its own analysis, we review both agency decisions. *See, e.g.*, *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016); *see also Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (looking to the IJ's decision "as a guide to what lay behind the [BIA's] conclusion[s]" (quoting *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir. 2000))). We review the BIA's factual findings for substantial evidence. *See Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). A petitioner contending that the BIA's findings are erroneous must establish that the evidence not only supports that conclusion, but compels it. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) ("A finding by the IJ is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." (cleaned up) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014))).

1.      Petitioner challenges the IJ and BIA's finding of no nexus between his fear of persecution and his alleged particular social group of family or his political opinion for both his asylum and withholding claims.[1] The petitioner established that his brother was briefly kidnapped in 2016 so that the Los Tequileros could gain access to medications that his brother was transporting.  Although the Los Tequileros sought information about the petitioner and his family so that they could later "extort [the petitioner] and [his] family in order to get money," the petitioner, who has never since been personally threatened or harassed by the cartel, does not present evidence that compels the conclusion that this information puts him at risk of persecution on the basis of a protected ground.  *See Li v. Holder*, 559 F.3d 1096, 1111–12 (9th Cir. 2009) ("Persecutors' motivation should not be questioned when the persecutors specifically articulate their reason for attacking a victim.").  Simply put, an "applicant's membership in a family-based particular social group does not necessarily mean than any harm inflicted or threatened by the persecutor is because of, or on account of, the family membership." *See Matter of L-E-A-*, 27 I. & N. Dec. 40, 43 (B.I.A. 2017).  Here, the cartel targeted petitioner's

---

[1] Petitioner does not contest the IJ and BIA's findings with respect to his second particular social group of "Mexican males targeted by an uncontrolled criminal organization in Mexico" and any challenge to them is waived.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("[W]e generally will not take up arguments not raised in an alien's opening brief before this court.").

brother to acquire certain medications, and to the extent they have targeted

petitioner at all, their motivation appears to have been entirely financial.

Likewise, petitioner does not present evidence compelling the conclusion

that he will be persecuted on account of his political opinion. The mere refusal to

support or join a gang does not constitute a political opinion. *See Santos-Lemus v.*

*Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds by*

*Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013) (en banc).

The BIA reasonably concluded that the petitioner fears general crime and violence

in Mexico. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's

desire to be free from harassment by criminals motivated by theft or random

violence by gang members bears no nexus to a protected ground.").

2.      Under CAT, it is the petitioner's burden to establish that "it is more

likely than not" that he will be tortured if he returns to Mexico, either by

government officials or with government officials' acquiescence. 8 C.F.R.

§ 1208.16(c)(2); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

He must show a "particularized threat" of torture. *Dhital v. Mukasey*, 532 F.3d

1044, 1051 (9th Cir. 2008) (emphasis omitted) (quoting *Lanza v. Ashcroft*, 389

F.3d 917, 936 (9th Cir. 2004)). Petitioner is not entitled to CAT protection if his

claims of possible torture are speculative. *See, e.g.*, *Blandino-Medina v. Holder*,

4

712 F.3d 1338, 1348 (9th Cir. 2013) (finding a "series of worst-case scenarios" insufficient to compel the conclusion that petitioner was more likely than not to be tortured upon return to his country); *Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

Substantial evidence supports the agency's determination that petitioner could not demonstrate that he had suffered torture in the past nor that it would be more likely than not that he would suffer torture if he returned to Mexico.

**PETITION DENIED**